## ELI MORRIS *vs.* JOHN A. PECKHAM.

A contract for a partnership to be continued more than one year is within the statute of frauds, and must be in writing.

The plaintiff and defendant agreed that the former should assign to the latter one half of his interest in an invention for making screw-drivers, that the defendant should pay the expenses of procuring a patent and furnish the necessary capital for the purchase of stock, machinery and tools, and unite with the plaintiff in the business of making and selling screw-drivers under the patent for their joint benefit. The plaintiff made a written assignment to the defendant of half his inter-est in the invention, in accordance with the contract, but the assign-ment contained no reference to the agreement of the defendant to furnish capital and unite with the plaintiff in the manufacture of screw-drivers. Held not to be in itself a sufficient written memoran-dum of the partnership contract.

Nor was it a full execution of the partnership contract on the part of the plaintiff, since he was not only to assign half his interest in the inven-tion, but to join with the defendant in carrying on the business, and his duty in this respect was to continue during the whole term of the contract.

It is a rule of equity that a court will not decree a specific performance where it has no power to enforce the decree.

It will not therefore, as a general rule, attempt to enforce an agreement for the entering into or continuance of a partnership.

This is especially so where the contract is vague and indefinite as to the extent of the business and the manner of carrying it on.

And it is always so where no time is fixed for the term of the partnership, as either party could dissolve it at pleasure.

It is not a sufficient reason for setting aside the report of a committee that it does not find definitely the amount of a balance due, where the items allowed are so stated that the court can ascertain the balance and render a proper judgment.

Nor that it states a gross sum as the amount allowed upon a bill of expenses, many items of which were objected to, and does not show what items had been allowed and what rejected.

The plaintiff prayed for an account and specific performance. The defendant did not render an account until ordered by the court. Final judgment was rendered for the defendant. Held that the plaintiff was not entitled to costs on the ground that the defendant had refused to render an account until ordered, but that the whole matter of costs was one for the discretion of the court.

[Argued June 5th—decided November 22d, 1883.]

ACTION for an account and a specific performance of a partnership agreement; brought to the Superior Court. Account taken by a committee; remonstrance by the plaintiff against the acceptance of the report; report accepted and judgment rendered for the defendant, (*Sanford, J.*) Appeal by the plaintiff. The case is sufficiently stated in the opinion.

*W. C. Robinson*, for the appellant.

*C. S. Hamilton*, with whom was *H. Dailey*, for the appellee.

CARPENTER, J. The plaintiff invented an improvement in screw-drivers. He agreed with the defendant to assign to him one·half of his interest in the invention, in consideration of which the defendant agreed to pay the expense of procuring letters patent, to furnish the necessary capital for the purchase of stock, machinery and tools, and to unite with the plaintiff in the business of making and selling screw-drivers for their joint benefit.

Letters patent were procured and business was carried on under the arrangement from the spring of 1879 until October, 1880, when the defendant stopped business, refusing to continue it longer, alleging as a reason that it was a losing and not a paying business.

The plaintiff in his amended complaint claims:—1st, that an account be taken;—2d, a specific performance, or, if that is impracticable, a rescission of the contract; or, 3d, damages. The Superior Court found the facts, the amended

VOL. LI.—9.

complaint conforming to such finding, and appointed a committee to take the account. The account as stated by the committee shows a considerable balance due the defendant. The court, against the remonstrance of the plaintiff, accepted the report and rendered judgment for the defendant to recover his costs. The plaintiff appealed.

We will first consider the questions arising on the remonstrance.

1. It appeared before the committee that the defendant sold the tools, machinery, &c., and the plaintiff claimed that he received therefor the sum of $1,000, and that he should be charged with that sum. There was other evidence as to its value, and the committee found its value to be much less. On the trial of the remonstrance the Superior Court found that the sum of $1,000 was received by the defendant for the machinery, and other property belonging to the defendant. The value of the other property did not appear.

There was no error in this. Besides, the court allowed the defendant nothing for the expenses of tools, machinery, &c., and charged him nothing for their value when the business closed. Of this the defendant does not complain, and the plaintiff has no occasion to.

2. As tending to prove the value of said machinery, &c., the plaintiff offered in evidence the file in a case of *Peckham* v. *Morris*, in the Court of Common Pleas. This was offered because it contained an affidavit purporting to be that of the defendant as to the value of the same property. But it was proved to the satisfaction of the committee that the name of the defendant was inserted as the affiant by the mistake of the magistrate, and that it was not the affidavit of the defendant. The ruling of the committee in excluding this evidence was clearly correct.

3. The plaintiff, during the progress of the work, requested the book-keeper to keep an account of the cost of making two thousand one hundred and fifty screw-drivers. He "attempted for a time to keep such an account, but never completed the same. The plaintiff offered what was claimed to be a copy of said book in evidence to show the

Morris v. Peckham.

actual cost of making the screw-drivers, but the court excluded the same." 0

That account of itself, incomplete as it was, was clearly inadmissible for the purpose for which it was offered.

4. The plaintiff offered to prove that after the business closed he offered the defendant a certain sum for his inter-est in the concern, and that the defendant put a price on his interest and offered to sell for a given sum. The committee excluded this evidence. It is expressly found that these offers, whatever they were, were made during the attempts to compromise their differences, and after the business had been closed. We think the ruling was correct.

5. The defendant, as a part of his charges, filed a bill of sundry expenses. To many of these items the plaintiff objected. The committee rejected some and allowed others to the amount of $455.12. The plaintiff objected to the acceptance of the report on the ground that he did not know what items were rejected and what were allowed.

This objection was not well taken. Inquiry of the committee would unquestionably have elicited all the information desired.

6. We do not think that the omission of the committee to report a definite balance was a sufficient cause for reject-ing the report. He reported the items allowed with suffi-cient certainty to enable the court to render an intelligible and just judgment.

7. The fact that the plaintiff had knowledge that certain expenditures were being made, and made no objection there-to, was before the committee as matter of evidence. Its being used as such does not appear to have been objected to by the plaintiff. Charging the plaintiff with such knowl-edge is not alleged as a reason for setting aside the report, and would have been clearly insufficient if it had been.

8. The committee allowed for the labor of John Peckham and F. E. Peckham in the business the sum of $871. This is urged as a reason for setting aside the report.

The case shows that the plaintiff knew that these parties were employed in the business at the time, and made no

Morris v. Peckham.

objection, but allowed them to continue in the business and perform the services; that the services were valuable; that the defendant exercised his best skill and judgment in employing them; and inferentially it appears that their services were necessary.

In the terms of the contract between the parties, as found by the court, we discover nothing that prohibits the employment of suitable help. The defendant in this matter having acted in good faith, we think the items were properly allowed.

The plaintiff further claims that the judgment of the court upon the facts was erroneous.

In the first place, he insists that he was entitled to a specific performance. The foundation of this claim is that the contract was to run seventeen years or during the life of the patent. Assuming that to be so, the contract was clearly within the statute of frauds as not to be performed within a year, unless the operation of the statute was prevented by some one of the circumstances referred to. It is claimed that the contract is in writing and signed by the party so as to meet the requirement of the statute. The writing signed by the party was primarily an assignment of one half of the plaintiff's interest in the invention to the defendant. It then stipulated that neither party would make any assignment, grant or license, of or under said letters patent, without the written consent of the other, and that neither party would manufacture or use the invention, or sell the same to others to use, except upon such terms as should be mutually agreed upon. It contained no reference whatever to the contract of the defendant for furnishing capital, tools and machinery, and for uniting with the plaintiff in the business of making and selling screw-drivers for their joint benefit. Moreover, this part of the contract is expressly found to have been verbal, and we must so regard it.

Nor was the contract fully executed by the plaintiff. It is a mistaken view of it to say that all the plaintiff was to do was to execute an assignment of one half of his interest

in the invention. He was to unite with the defendant in carrying on the business, and his duties in that regard were to continue during the whole period of time the contract was to run. And this it will be remembered is that part of the contract which the plaintiff claims the defendant should specifically perform. The same remarks apply, and show that the claim that one side of the contract was to be performed within a year is not well founded.

But it is insisted that this is a contract in the nature of or relating to a partnership, and therefore not within the statute. That a parol contract concerning partnerships will be held good for many purposes is not denied. It is doubtless so where third persons deal with the parties as partners and seek to hold them liable as such. And so as between the parties themselves, where the agreement has been wholly or partially performed, courts will treat them as partners. But we are not aware of any case in which the court, at the instance of one of the parties, has compelled the other party to perform a parol agreement for a partnership. It is a rule in equity that the court will not decree a specific performance where it has no power to enforce the decree. Hence partnership articles will not be enforced, especially where no time is fixed for its continuance, as either party may dissolve it at pleasure. And even where a time is fixed it is difficult to see how the decree can be enforced. Take this case as an illustration; is the court to keep its hand on the parties for seventeen years and compel them to carry on this business?

Again. The terms of this contract are vague and indefinite. Not only is this so in respect to time, but also in respect to the extent and manner of carrying on the business. How much capital is to be invested? How many sets of machinery are to be used? How many men are to be employed? How many screw-drivers are to be made in a year? What duty shall be assigned to each of the partners? All these are matters which the contract does not determine, and which a court of equity cannot determine.

Furthermore, the business as hitherto carried on was

clearly a losing business. Of what possible benefit can it be to the plaintiff to have it continued? Can it be seriously contended that the court will direct its continuance as heretofore? Or, what is even more absurd, will the court undertake to prescribe the manner of conducting the business so as to make it profitable?

We conclude then that the contract is within the statute of frauds, and that, independently of the statute, it is of such a nature that it cannot be specifically enforced.

But if not entitled to a specific performance, the plaintiff insists that he is entitled to be restored to his ante-contract condition and to have the patent re-conveyed to him and to be compensated in damages. It is difficult to see upon what principle this claim can be sustained. As we interpret the contract the defendant has not broken it. Everything that the contract legally required him to do he has done. He performed the contract literally except as to continuing the business for seventeen years. If the contract is to be interpreted as requiring that absolutely, we think it was within the statute of frauds.

We are inclined, however, to interpret the agreement as a contract to continue the business for a reasonable time, to be determined from a consideration of all the circumstances of the case. It is apparent from the record that the defendant engaged in the business long enough to demonstrate that it could not be carried on successfully, and we are disposed to regard that as a reasonable time.

One view of the contract makes it void by the statute, and the defendant was not bound to perform it. The other view shows that it was substantially performed. In either event the defendant incurred no liability.

In respect to the patent, we think that the defendant paid the consideration, and, as he never contracted to return it, if it is worth anything he is entitled to retain it.

One other matter remains to be noticed. The plaintiff insists that he is entitled to costs, for the reason that the defendant refused to render an account until directed to do so by the Superior Court. We think that the matter of

accounting was so intermingled with the equitable relief prayed for that costs were discretionary with the court. The manner in which that discretion was exercised will not be reviewed in this court.

There is no error in the judgment.

In this opinion the other judges concurred; except PARK, C. J., who dissented.