THOMAS F. DEVINE vs. HENRY O. WARNER.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

While the buyer may "accept and actually receive" the goods, within the meaning of the statute of frauds (General Statutes, § 1090), under a sale which is not accompanied by manual delivery or actual change of custody, yet the proof in such cases should be clear and unequivocal, and establish an actual change of the relation of the parties to the property. Something more is required, as proof of receipt and acceptance, than mere words indicative of the parties' assent to the agreement of sale. There must be a delivery by the vendor and a receipt by the vendee, with the intention to vest in the vendee the possession and right of possession, discharged of all liens for the price, and an actual acceptance by the vendee of the goods, at least as the goods purchased, if not as its owner by virtue of the purchase.

The written memorandum required by the statute of frauds need not necessarily be comprised in a single document, nor drawn up in any particular form. It is sufficient if the terms of the contract can be made out from memoranda of the party to be charged therewith, or from his correspondence; but such writings must be connected by mutual reference, and without the aid of oral testimony to supply any defects or omissions in the written evidence.

It is competent for the jury to find that the plaintiff was the actual and *bona fide* owner of the chose in action on which the suit was brought, from the instrument of assignment itself and the uncontradicted testimony of the parties thereto. Nor is an instruction to that effect erroneous, merely because the jury are also told that if they believe this evidence they "should find" a valid assignment.

It cannot be said, as matter of law, that the assignee of a chose in action is not the *bona fide* owner thereof, merely because the instrument of assignment requires him to return to the assignor a portion of the amount which he may recover on the claim.

A judgment exceeding the amount demanded but within the court's jurisdictional limit, is not void, although it may be erroneous.

Submitted on briefs October 14th—decided December 18th, 1903.

ACTION to recover damages for breach of contract, brought to the District Court of Waterbury and tried to the jury before *Peasley, Deputy-Judge;* verdict and judgment for plaintiff, and appeal by the defendant. *No error.*

*James Huntington*, *Arthur D. Warner* and *John F. Addis*, for the appellant (defendant).

*John O'Neill*, for the appellee (plaintiff).

HALL, J.   The plaintiff claimed to have proved, in the trial court, that with his assistance, his brother, John J. Devine, in the season of 1899, raised a crop of tobacco upon their father's land in Suffield, which crop in the fall of that year John J. Devine sold to the defendant at an agreed price; and that the defendant having afterwards refused to take the tobacco or to pay for it, John J. Devine was compelled, by reason of a fall in the market price of such tobacco, to sell it for $528.53 less than the price agreed upon with the defendant.   The plaintiff, as the *bona fide* owner of such right of action, by assignment from his brother, John J. Devine, sues to recover said sum.

As showing that the defendant purchased the tobacco, and accepted and actually received it, the plaintiff claimed to have proved these facts :   The defendant on September 22d, 1899, having examined the tobacco in the barns in which it was hanging on poles, agreed with John J. Devine to purchase the entire crop at twenty cents a pound, and thereupon, under date of September 22d, 1899, made this entry in a note-book in which he made entries of the tobacco which he purchased, and upon the inside of the front cover of which the defendant had written his name : " John J. Devine, four acres at twenty cents "; and showed said entry to John J. Devine, and said to him with reference to the tobacco :  " Let it hang until it is cured ; then take it down and strap it into bundles, putting about forty pounds to the bundle.   Then, when it is stripped, notify me."   John J. Devine did as thus directed, and about the 24th of November, 1899, wrote the defendant that the tobacco was ready for shipment and that he (Devine) thought that with this tobacco and that of a neighbor, which the defendant had purchased, a car might be filled.   The defendant wrote in reply, that he would be at Devine's place the first of the following week.   On November 28th, 1899, the defend-

ant, after he had examined the tobacco as it lay in bundles on the floor of Devine's barn, said to Devine : " You have done your part well. I am going to load one or two cars with tobacco I have purchased here in Suffield, and if I can take this tobacco in one of these cars I will send for it; but if I cannot take it away with me on this trip and a damp spell comes on, open up the sheds so as to let the dampness get in and dampen the bundles, and pile the tobacco up into one or two large piles. In case I don't take it this week it will keep better in one pile than it would spread out only one bundle high." At the end of the week the defendant not having sent for the tobacco, John J. Devine placed it in piles and opened the barns as directed. For several weeks after said last interview the defendant was ill and unable to attend to business. On January 26th, 1900, Devine wrote to the defendant that he was anxious to get the tobacco off of his hands ; that he needed the money, and that if he (the defendant) could see his way clear to take the tobacco soon, he would appreciate the favor. On the next day the defendant wrote in reply that he was ill and that he would see Devine as soon as he was able. On February 8th, 1900, the defendant with his hired man, Lathrop, went to the place where the tobacco was piled, and Lathrop went in and inquired of Devine if his tobacco was for sale. Devine replied that he had already sold it. Having reported this answer to the defendant, Lathrop, at the defendant's direction, returned and asked Devine who the purchaser was. Devine replied H. O. Warner (the defendant). The defendant and Lathrop thereupon went into the barns and examined the tobacco, and said to Devine that it was a bad lot of tobacco ; and the defendant informed Devine that he would not take the tobacco or pay for it. The market price of this grade of tobacco had since the preceding September dropped eight or ten cents a pound.

Of the defendant's first three reasons of appeal, it need only be said, (1) that—excepting as it appears that the court charged the jury as to the plaintiff's right to maintain this action, to which we shall refer later—the record does not disclose that the trial court held that the plaintiff " acquired

any right or title in the subject-matter of this action by reason
of Exhibit 3 (the written assignment) and the evidence con-
nected therewith "; (2) that the denial of defendant's motion
for a nonsuit is not reviewable; and (3) that as the record
contains no statement of the evidence—except in the finding
of facts certain evidence is stated in connection with the
rulings of the court as to its admissibility—we cannot review
the action of the trial court in overruling defendant's mo-
tion to set aside the verdict as against the weight of evidence.

Regarding the acceptance and receipt of the tobacco nec-
essary to meet the requirements of the statute of frauds, Gen-
eral Statutes, § 1090, the court charged the jury " that while
it is true that there may be an acceptance and actual receipt
of goods by the vendee, pursuant to a sale unaccompanied
by a manual delivery or actual change of custody,—as in
cases where the vendee is already in possession or the vendor
retains the custody as bailee of the vendee, thus assuming a
new relation to the goods,—yet the law requires that the
proof in such cases should be clear and unequivocal and
establish an actual change of the relation of the parties to
the property"; that " as a receipt implies a delivery, there
must have been a delivery by the vendor and receipt by the
vendee of the tobacco, with an intention on the part of the
parties to vest in the vendee the possession and right of
possession, and discharged of all lien for the price, and an
actual acceptance by the vendee of the tobacco, at least as
the goods purchased, if not as its owner by virtue of the
purchase"; and that the statute required something more
by way of proof of a receipt and acceptance than "mere words
indicative merely of the parties' assent to the agreement of
sale." This part of the charge complies with the instruc-
tions which, upon a former appeal of this case and upon
similar facts, we said should have been given to the jury upon
the question of the acceptance and receipt required by the
statute of frauds. *Devine* v. *Warner*, 75 Conn. 375, 379.

Concerning the written memorandum required by the
statute, and the evidence offered as to such memorandum,
the court charged the jury as follows: "It is not necessary

that the written memorandum required by the statute of
frauds should be comprised in a single document, nor that it
should be drawn up in any particular form.   It is sufficient
if the contract can be made out in all its terms from any
writings of the defendant, or from his correspondence.   But
it must all be collected from the writings, provided the
several writings are so connected by mutual reference or
otherwise that there can be no uncertainty as to the meaning
and effect of them all when taken together and viewed as a
whole, but this connection of the several writings cannot be
established by oral testimony offered to supply any defects
or omissions in the written evidence.   Unless you find that
there is such a mutual reference between the letters of the
defendant and the entry in his memorandum book that with-
out the aid of the oral evidence which has been listened to
by you in this case, you will be unable to consider his letters
as a part of his written memorandum.   If you should find
that there is such a mutual reference and that, as read to-
gether, the contract can be understood by you in all its terms,
from the letters and the book memorandum, and that the
name of the defendant on the fly leaf of the book was in-
tended by the defendant as his signature to the memorandum,
then the memorandum is a sufficient compliance with the
statute of frauds."

One of the reasons of appeal is that the court erred in so
charging the jury.   Evidently the error intended to be thus
assigned is, not that the court erred in not taking this ques-
tion entirely away from the jury, or in failing to charge
them that the book and letters contained no written mem-
orandum of the agreement signed by the parties to be
charged therewith, sufficient, as a matter of law, to answer
the requirements of the statute of frauds; for the defendant
not only failed to request the court to instruct the jury that
the claimed memorandum and signature were, as a matter
of law, insufficient under the statute, but, in his written re-
quests to charge, referred to the question, of whether such
a memorandum duly signed had been proved, as one of fact
for the jury.   The claim in the defendant's brief respecting

this reason of appeal is, not that the court erred in submitting to the jury, as one of fact, the question of whether a duly signed memorandum had been proved, but in not correctly instructing the jury as to the rule of law to be applied in deciding such question of fact. The law applicable to the questions of fact was correctly stated by the trial court. 1 Swift's Dig. s. p. 236; *Nichols* v. *Johnson*, 10 Conn. 192, 198.

Having instructed the jury that to be the equitable and *bona fide* owner of a chose in action, within the meaning of General Statutes, § 631, "one must be the real owner of it, the one to whom the equities belong," the court further said to the jury that the evidence that the plaintiff was the actual and good faith owner was in "the instrument of assignment and the testimony of the Devine brothers," and added: "If you believe their testimony, which is uncontradicted and is the only testimony on the subject, it is within your province to find and you should find that the plaintiff has such an interest, that he has complied with the requirements of the statute."

The only ground stated in the defendant's brief for the claim that the court erred in so charging the jury, is that by this language it "passed upon a material question of fact that was entirely within the province of the jury."

The record does not purport to give all the testimony of the Devine brothers. It is not claimed that the evidence showing the plaintiff's ownership of the right of action was contradicted. It appears from the finding that the plaintiff claimed to have shown that, having assisted his brother in raising the crop of tobacco, it was in good faith agreed between them, after the defendant had refused to pay for the tobacco, that the claim should be assigned to the plaintiff for the purposes and upon the terms stated in a written assignment in these words: "Suffield, April 7, 1900. In the fall of 1899 I sold a crop of tobacco in my barns in Suffield to H. O. Warner of New Milford for twenty cents per pound. I subsequently sold this tobacco for twelve and three-quarters cents per pound, making a loss to me of about

$523.53. For value received I hereby assign, sell, and transfer to my brother, Thomas F. Devine, who is to endeavor to recover the claim by legal process or otherwise. After deducting the expenses, the remainder is to be divided into three equal parts, two of which are to be returned to me, the remaining third he is to keep.　John J. Devine."

It does not appear that the court erred in charging the jury, as it in effect did, that the uncontradicted evidence of these facts, if believed by the jury, was sufficient proof that the plaintiff was the *bona fide* owner of the chose in action upon which the suit was brought. *Devine* v. *Warner*, 75 Conn. 375, 381 ; *Metropolitan Life Ins. Co.* v. *Fuller*, 61 id. 252, 262.

The complaint asked for $600 damages. The verdict and judgment were for $633.90. The judgment in excess of the damages claimed was not void, since the court had jurisdiction to render a judgment for that sum. *Chaffee* v. *Hooper*, 54 Vt. 513. It is not assigned as a reason of appeal that the judgment was erroneous because it exceeded the damages claimed, and therefore we need not consider that question.

There is no error.

In this opinion the other judges concurred.