JOHN H. FRUIN ET AL. *vs.* SAMUEL CHOTZIANOFF
ET ALS. (TWO CASES).

Third Judicial District, Bridgeport, April Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

In an action to foreclose a mechanic's lien, the decisive question was whether the plaintiffs, in furnishing the material and doing the work for which the lien was claimed, were partners or not; it being virtually conceded that if they were, a settlement effected

by the defendants with one of them bound the other, and precluded a recovery by either.    *Held* that upon the facts found the trial court was amply justified in concluding that the plaintiffs were partners, both generally and in respect to the particular job for which the lien was filed.

So far at least as the rights of third parties are concerned, an executed oral agreement of partnership is not invalid because no time for its continuance was fixed.

The case of *Morris* v. *Peckham*, 51 Conn. 128, distinguished.

Argued April 10th—decided May 3d, 1906.

ACTIONS to foreclose mechanics' liens, brought to the Superior Court in New Haven County and tried together to the court, *George W. Wheeler, J.;* facts found and judgment rendered in each case for the defendants, from which the plaintiffs appealed.    *No error.*

*Edward F. Cole*, for the appellants (plaintiffs).

*George H. Freeman*, for the appellees (defendants).

PRENTICE, J.    The plaintiffs, one Fruin and one Levin, entered into written contracts with the defendant Rubin's grantors, also defendants, to do for stipulated prices the tinning and plumbing work upon two buildings in process of construction by such grantors.    Extra work upon each building was authorized, and for this said grantors agreed in writing to pay, but the amount to be paid was not stipulated.    Payments were made upon account.    While the work was in progress Rubin purchased both properties, which were subject to mortgages to other defendants. Upon their completion of their work, the plaintiffs filed upon each property a mechanic's lien for the amount claimed to be then due them for the work done and material furnished upon the building thereon.    The present actions were brought to foreclose these liens.

The defendants originally filed in each case a defense, and also a counterclaim based upon claimed violations of the contracts, imperfect work and unfit materials.    The

issues framed upon these pleadings have no present importance. Later, Rubin had leave to file and did file supplemental answers. These alleged that the plaintiffs had been and still were partners as to the matters covered by the complaints, and that while the two actions had been pending he, Rubin, had adjusted and settled with Levin, one of said partners acting for said partnership, all the matters in controversy and the pending actions, and paid to him, Levin, as such partner, the amount agreed to be paid in such settlement and for the withdrawal of said actions. The plaintiffs thereupon filed a general denial of each of these supplemental answers, and a further reply which undertook to attack said adjustment and settlement upon the ground of fraud. To this latter reply Rubin demurred, and the court sustained the demurrer with leave to amend. No amendment was made, and no appeal has been taken upon the action of the court upon the demurrer.

The allegations and issues pertinent to the supplemental answers thus became limited to the averments of those answers and the denials of them, and all foundation for proof or finding of fraud was eliminated from the cases. In this state of the pleadings the cases came to trial. The court found, upon the issues joined upon these answers, that the partnership relations existed between Fruin and Levin prior to the contracts in question and down to the time when the liens were filed, that all the work done and material furnished by them upon said buildings was done and furnished by them as such partners, and that the settlement was made with Levin in the name of the firm and as alleged. It was also found that the partnership was dissolved shortly after the liens were filed, and that the sum paid to Levin in the settlement was much less than was fairly due the firm after all reasonable deductions for the matters set out in the counterclaims had been made. The finding also contains a statement to the general effect that the settlement with Levin was conceived as, and in fact was, a fraud upon Fruin.

The court having found as recited, ruled that Levin as one of said partners had authority as such partner to make the settlement, and thereupon rendered judgments for the defendants. The plaintiffs do not quarrel with the court's legal conclusion as to Levin's authority, provided its finding as to the existence of the partnership relation between the plaintiffs was justified, and also provided that his action was not fraudulent. We are thus brought to a consideration of the two grievances which, alone of those stated in the reasons of appeal, are pursued in the plaintiffs' brief.

The first and, to judge from the contents of the brief, the chief of these grievances, is that the court, upon the facts found, held that Fruin and Levin were partners, both generally and as to the work in question. The facts bearing upon this subject, as they appear in the finding, are in substance as follows: Fruin and Levin, intending to become partners and to conduct a partnership business, orally agreed to so engage in the plumbing and tinning business. It was agreed that Fruin, who was inexperienced and was not to give his personal attention to the business, should furnish the capital, that Levin, who was a practical plumber, should contribute his tools and such material as he had on hand and devote himself to the conduct of the business, that Levin should draw out $18 a week, and that the profits over and above these payments should be shared equally. There was no agreement as to the term of the partnership, neither was anything said as to the liability for losses. Thereafter the business carried on by the two under this arrangement was conducted under the name of Fruin & Levin, and everything relating to the business was done in said firm's name. That was the name under which their places of business were leased, their bank account opened, their books kept and accounts entered, their checks drawn and all contracts executed, and that was the name which appeared upon all their signs, letter-paper, billheads and books. The contracts for the work in question described them as partners, and the work upon the

two buildings was executed in the regular course of the business conducted under the arrangment described.

It is difficult to discover how upon these facts any other conclusion could have been reached than that a partnership relation was created, both generally and as to the work for which the liens were filed. There was an express agreement between the two men. In entering into that agreement they intended to become partners and conduct a partnership business. By the express terms of the agreement they were to share equally in the profits. The conduct of the business was in all its details under a partnership name and such as to unmistakably evince a partnership relation. Clearly, the situation created by the parties was one in which the parties became the common owners of the profits of the business, having a proprietary interest therein before any separation from the undivided stock. *Tyler* v. *Waddingham*, 58 Conn. 375, 384, 20 Atl. 335; *Morgan* v. *Farrel*, 58 Conn. 413, 422, 20 Atl. 614; *Loomis* v. *Marshall*, 12 Conn. 69.

It is urged that there was in law no partnership, for the reason that no term was fixed for its continuance and the agreement was not in writing; and *Morris* v. *Peckham*, 51 Conn. 128, is cited in support of that proposition. If it be remembered that we are not concerned with an executory agreement for a partnership, but with a partnership agreement executed and relations of third parties with the partnership in fact created, the irrelevancy of that case and the unsoundness of the proposition now asserted will clearly appear.

The second contention of the plaintiffs is one based upon the finding as to fraud. This needs no further answer than is found in the state of the pleadings, which, as we have seen, furnish no foundation for proof or claim of that character.

There is no error.

In this opinion the other judges concurred.