## BALLANTINE v. YUNG WING.

(Circuit Court, D. Connecticut. June 25, 1906.)

### No. 569.

1. COURTS—FEDERAL COURTS—RULE OF DECISION—STATUTE OF FRAUDS—STATE
   LAW.

   Since the statute of frauds attacks the remedy, the lex fori governs,
   and the law of the state on such subject is a rule of decision in the federal
   courts.

   [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 946.

   State laws as rules of decision in federal courts, see Wilson v. Perrin,
   11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. FRAUDS, STATUTE OF—CONTRACT OF EMPLOYMENT—CONTRACT FOR MORE
   THAN A YEAR—MEMORANDUM.

   Where a contract of employment which was not to be performed within
   a year was evidenced by certain correspondence between the parties which
   was vague and was declared to be "Supplemented by conversations" or
   aided by oral testimony to supply defects or omissions, the writing was
   insufficient as a memorandum to comply with the statute of frauds.

   [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute
   of, §§ 240, 375.]

3. WORK AND LABOR—ACTION ON CONTRACT—QUANTUM MERUIT.

   Where a complaint distinctly counted on a contract of employment
   which was within the statute of frauds and on a breach thereof, there
   could be no recovery on a quantum meruit.

   [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Work and Labor,
   §§ 25, 44; vol. 23, Cent. Dig. Frauds, Statute of, §§ 330, 331, 342.]

4. PLEADING—DEMURRER—CERTIFICATE OF COUNSEL—MOTION TO STRIKE.

   Where a demurrer to a complaint lacked the required certificate of
   counsel, plaintiff's remedy was to attack such irregularity by motion to
   strike.

   [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §
   1103.]

5. SAME—GOOD FAITH.

   Where a mere glance at a demurrer to the complaint was sufficient to
   show that it was filed in the best of faith, a statement of counsel that
   it was not interposed for delay was not required.

Emil Schneeloch, for plaintiff.
Robinson & Robinson, for defendant.

PLATT, District Judge. The complaint alleges, in paragraph 2,
that on or about December 29, 1903, "the defendant entered into an
agreement with the plaintiff whereby he hired the plaintiff to work
for him as a traveling representative in the continent of Asia for at
least the term of two years," and agreed to pay him certain sums of
money at certain times, and that the "plaintiff agreed with defendant
so to work and serve for the said time and for the said compensa-
tion." That plaintiff entered upon said service, and continued therein
until January 10, 1904, when defendant broke the contract and dis-
charged the plaintiff, by reason of which plaintiff is damaged $28,500,
which is as much and perhaps more than plaintiff could have claimed
if the contract had been completed. This was filed February 20, 1905.
On May 24, 1905, the defendant filed a motion asking that "plaintiff

be required to amend his complaint by stating whether or not the agreement alleged in paragraph 2 of the complaint is in writing, and that if in writing plaintiff be required to file a copy of the same." On June 24, 1905, plaintiff in reply stated:

"That there is no formal agreement in writing signed or executed by the parties, but that the said agreement alleged in the complaint is evidenced by certain correspondence or letters between the parties to this action, supplemented by conversations, all of which facts are within the personal knowledge of the defendant."

Thereupon the defendant, on June 27, 1905, filed a demurrer for the reasons:

"That, although it appears from said complaint that the alleged agreement was not to be performed within one year from the making thereof, yet it does not appear from said complaint that said alleged agreement, or any memorandum thereof, was made in writing and signed by the party to be charged therewith or his agent."

In this way it is clearly contended that our Connecticut statute of frauds is a bar to the action. The section in which it appears is 1089, Revision of 1902, and the pertinent part is:

"No civil action shall be maintained * * * upon any agreement that is not to be performed within one year from the making thereof, unless such agreement, or some memorandum thereof, be made in writing and signed by the party to be charged therewith. * * * *"

The statute attacks the remedy. The lex fori governs, and it is such a law as has been declared by Congress to be a rule of decision in the federal courts. These propositions are too elementary to require citations. Under the Connecticut decisions, the statute requires the memorandum of agreement to be complete, definite, and certain in all necessary details, and not some vague writing, which to be of value must be "supplemented by conversations" or aided by oral testimony to supply defects or omissions. Nichols v. Johnson, 10 Conn. 192; Morris v. Peckham, 51 Conn. 128; Andrew v. Babcock, 63 Conn. 109, 26 Atl. 715; Devine v. Warner, 76 Conn. 229, 56 Atl. 562.

Treating the plaintiff with every liberality, the statute of frauds appears to impede his further progress. The statute is directed at the remedy, and not at the evidence which might support a remedy, if one could be made operative.

We need not discuss the effect of a demurrer upon the original complaint, for there is now coupled with it the facts which appear in the statement filed in response to the motion of May 24th, and when one looks at the entire situation as voluntarily put forward by the plaintiff it is too plain for argument that he cannot possibly maintain his action. The complaint counts clearly, and only upon a contract which is within the statute and upon a breach thereof. There is no room in it for a recovery upon a quantum meruit. The demurrer lacks a certificate of counsel, but the way to attack that irregularity was by motion to take it off the files. Such motion would not have prevailed, because a mere glance at the demurrer would satisfy the court that it was filed in the best of faith, and a statement from counsel that it was not interposed for delay would have been superfluous.

Let the demurrer be sustained, with costs.