JOSEPH A. BLACK, Appellant, *vs.* THE HOOPESTON GAS AND
ELECTRIC COMPANY, Appellee.

*Opinion filed April 19, 1911.*

1. STATUTE OF FRAUDS—*Statute of Frauds is for the preven-
tion of frauds.* A court of equity will not permit the Statute of
Frauds to be used for the perpetration of a fraud, and will there-
fore enforce an oral contract which has so far been performed by
one party that to permit its repudiation by the other would ac-
complish a fraud.

2. SAME—*oral contract may be taken out of Statute of Frauds
by part performance.* An oral contract for the sale of real estate
may be taken out of the Statute of Frauds by the payment of pur-
chase money, the taking of possession and the making of lasting
and valuable improvements; but these acts of performance must
have been done by virtue of the contract sought to be enforced
and for the purpose of performing it.

3. SAME—*mere holding over by tenant is not a part perform-
ance of oral contract to convey.* The mere continuance of pos-
session by a tenant after the expiration of his lease is not a part
performance of an oral contract by the lessor to convey the land;
but the question whether such possession is under the contract or
the lease is one of fact.

4. SAME—*tenant not required to surrender possession to change
its character.* It is not necessary that a tenant surrender posses-
sion upon the termination of his lease in order to change the char-
acter of his possession from lessee to that of a vendee under an
oral contract of sale; but that question is to be determined from
all the circumstances, including his expenditure of money in mak-
ing improvements.

5. SPECIFIC PERFORMANCE—*bill need not aver that corporation's
contract was authorized.* A bill for the specific enforcement of an
oral contract made by a corporation for the sale of land need not
allege that the contract was authorized by the board of directors,
although the complainant must prove authority if it is denied by
the defendants.

6. SAME—*when the description in a contract is not indefinite.*
Where an oral contract for the conveyance by a lessor to a lessee
of a certain portion of a tract of land owned by the lessor de-
scribes the tract to be sold as 427.5 three-thousandths of the said
land, to be located in the south part thereof and to include the
lessee's temporary buildings and be bounded on the north by a line
parallel with a designated street, the description is not indefinite,

since the parallel line referred to must be the one which will have south of it 427.5 three-thousandths of the tract owned by the lessor.

7. SAME—*bill need not allege that the complainant has not received anything else in lieu of deed.* Where a bill for specific performance alleges that the defendant agreed to convey certain land to him as part payment for services performed, it is not necessary that the bill allege that complainant has not received anything else in lieu of the deed, as the allegation and proof as to such fact, if it exists, should come from the defendant.

APPEAL from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

J. C. McCLURE, for appellant.

J. H. DYER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

A demurrer was sustained to appellant's bill for specific performance, his bill was dismissed and he has appealed.

It appears from the bill that the appellee was the owner of a triangular lot of land, of a portion of which the appellant was in possession as a tenant holding over under an oral lease from a former owner, on which portion he had erected a building. The appellee employed the appellant to do some concrete work for $855, one-half of which was to be paid in cash and for the other half ($427.50) the appellee agreed to convey to the appellant 427.5 three-thousandths of the said lot of land, to be located in the south part thereof, to include appellant's building and to be bounded on the north by a line parallel with Seminary avenue. The contract was oral. The appellant performed the work to the satisfaction and acceptance of the appellee, and, relying upon the contract, entered into possession of the premises with the knowledge and approval of the appellee, enlarged the building, changing it from a temporary to a permanent structure, made lasting and valuable improvements on the premises, and has ever since remained

in the exclusive possession of such premises as owner, but the appellee has refused to convey them to him. The demurrer relied upon the Statute of Frauds, and it is insisted that the appellant did not enter into possession under the contract; that there is no sufficient part performance to avoid the statute; that it does not appear that there was any legal contract on the part of the appellee, and that the contract is indefinite and uncertain.

The Statute of Frauds is for the prevention of frauds. Equity will not permit it to be used for the perpetration of fraud, and will therefore enforce an oral contract which has been so far performed by one party that to permit its repudiation by the other would be a fraud. The law is well settled that an oral sale of real estate may be taken out of the statute by the payment of the purchase money, the taking of possession and the making of lasting and valuable improvements. These acts of performance, however, relied upon to take a case out of the Statute of Frauds, must have been done by virtue of the contract sought to be enforced and for the purpose of performing it. (*Koch* v. *National Union Building Ass'n*, 137 Ill. 497.) The appellee does not question the allegation as to the performance of the work which was the consideration of the contract or as to the making of improvements, but it insists that it appears that the appellant's possession was not taken under his contract with the appellee but was only a holding over under his lease from a former owner. The mere possession of a tenant after the expiration of his lease is not a part performance of an oral contract to convey the land to him. (*Koch* v. *National Union Building Ass'n, supra.*) However, whether such possession is a holding over under the lease or is a possession under the contract of sale is a question of fact. It is not absolutely necessary that the tenant shall have actually surrendered the possession under his lease and re-entered under the contract, but all the circumstances tending to characterize his possession are to be

considered, and among others his expenditures, if any, in making improvements on the faith of an oral agreement which he would not otherwise have made. (*Morrison* v. *Herrick,* 130 Ill. 631.) The bill averred that the appellant's possession was under the contract, and the truth of this averment must depend upon the proof.

It is urged by the appellee that the bill is defective because it does not show that the alleged contract was authorized by the appellee's board of directors. It is not necessary to allege all the preliminary details involved in the making of a contract. The bill avers that the appellee entered into an oral agreement with the appellant, and this allegation is sufficient. If it is not admitted the complainant will have to prove an agreement made by lawful authority in order to sustain it.

The appellee insists that the contract is not definite in its description of the land to be conveyed, because it provides that "the northern portion of said portion so to be set off was to be bounded by a line running parallel with the center of Seminary avenue." It is said that it thus appears that the land included in the oral contract was not to extend north of a line parallel with the center of Seminary avenue, while it appears by the plat attached to the bill as an exhibit that the appellant is seeking a conveyance of land extending a considerable distance north of a line parallel with the center of Seminary avenue. There are, of course, an infinite number of lines parallel with the center of Seminary avenue, some north and some south of it, but the particular line referred to in this agreement is that one which has south of it 427.5 three-thousandths of the tract described in the bill. There is no uncertainty in the description.

Another objection urged to the bill is, that it does not allege that the appellee has not paid the appellant the full amount due for his work. The only thing due appellant for his work, according to the averments of the bill, is a deed

for this tract of land. It is not necessary for him to aver that he has not received something else in lieu of it. If he has, the allegation and proof should come from appellee.

The decree is reversed and the cause is remanded to the circuit court, with directions to overrule the demurrer to the bill. *Reversed and remanded, with directions.*