WALTER H. BRADLEY, TRUSTEE, *vs.* MARY A. LOVEDAY.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and WEBB, Js.

Part performance of an oral contract for the purchase and sale of real estate, will take the case out of the statute of frauds.

Taking possession of the land by the intending purchaser and its continued use and occupation by him as a home, with the acquiescence of the owner and without the payment of rent or notice to quit, satisfies the preliminary requirement that the acts of part per-

formance must be such as can be accounted for only upon the theory that they have been done pursuant to an antecedent contract, the terms of which may then be established by oral evidence. An oral agreement which is complete as to the terms of sale, save that the time for taking title is not definitely stated, is not thereby vitiated, as the law will supply that deficiency by implying an agreement to take title within a reasonable time; and if the subsequent delay is due solely to the owner's failure to remove outstanding incumbrances, he can claim no benefit from such delay or urge it as a defense against the purchaser who remains ready and willing to carry out the original agreement.

Argued November 1st—decided December 11th, 1922.

ACTION in the nature of ejectment demanding possession of the described premises and damages, with counterclaim by defendant demanding specific performance of an oral agreement to convey the premises, brought to and tried by the Superior Court in New Haven County, *Keeler, J.;* facts found and judgment rendered for the plaintiff for recovery of possession and $1,500 damages, and appeal by the defendant. *[Error and cause remanded with direction to set aside the judgment for the plaintiff, and to render judgment for the defendant on the counterclaim.*

The defendant admits that the legal title to the premises was in the plaintiff, and that she is occupying the premises and keeping the plaintiff out of possession. Her defense is that she is in rightful possession under a parol contract for the sale of the premises, and that her taking possession of the property with the plaintiff's acquiescence constituted such part performance as to take the contract out of the statute of frauds. By way of counterclaim she demands a conveyance of the premises.

The material facts found may be summed up as follows: Prior to June 1st, 1918, the plaintiff authorized a real-estate agent to sell the property for $3,000, payable $500 in cash and $2,500 by the execution and de-

livery of a mortgage payable in three years. In May, 1918, the defendant was shown the premises and informed the agent that she would buy on the terms stated; whereupon the plaintiff directed his agent to make out the necessary papers. Before they were ready, the defendant took possession of the premises. This action was taken without consulting the plaintiff or his agent, and was without the knowledge or consent of either of them; but the plaintiff immediately acquiesced in the defendant's possession by moving out some of his furniture on the same day and other furniture later. Both parties then expected that the sale would be promptly completed. When notified that the papers were drawn, the defendant called at the agent's office with $500 ready to complete the sale. It then appeared that the property was encumbered by attachments, and the defendant declined to take title until they were released of record. Delay ensued, owing to the plaintiff's unwillingness or inability to compel the release of the attachments in the manner provided by the statute. In September, 1918, written proposals and counter-proposals for a modification of the original agreement were made and rejected. Nothing more was done until February, 1920, when the attachments were released. The defendant was then notified that the plaintiff would not accept payment of the purchase price on the original terms of $500 in cash and a three year mortgage for $2,500. An offer by the defendant to pay $2,500 in cash and leave $500 on mortgage was rejected by the plaintiff, who first demanded that the entire $3,000 be paid in cash, and then, in June, 1920, notified the defendant to vacate. On her refusal to do so this action was brought. During the period from June, 1918, to June, 1920, the defendant and her family occupied the premises as a home without payment or demand for the payment

of rent, and without demand that she vacate the premises.

*Ward Church*, for the appellant (defendant).

*Omar W. Platt*, for the appellee (plaintiff).

BEACH, J. In the view which we take of the case it is unnecessary to consider the exceptions to the refusal of the trial court to correct the finding. The remaining question is whether the finding shows such a part performance of an oral agreement for the purchase and sale of the premises as will, in equity, take the case out of the statute of frauds.

In *Eaton* v. *Whitaker*, 18 Conn. 222, we adopted the recognized principle that part performance of an oral contract for a lease for a term of years would support a bill for specific performance, and quoted with approval *Morphett* v. *Jones*, 1 Swanston, 172: "'Between landlord and tenant, when the tenant is in possession at the date of the agreement, and only continues in possession, it is properly observed that in many cases that continuance amounts to nothing: but admission into possession, having unequivocal reference to a contract, has always been considered an act of part performance. The acknowledged possession of a stranger in the land of another is not explicable except on the supposition of an agreement, and has therefore constantly been received as evidence of an antecedent contract, and is sufficient to authorize an inquiry into the terms; the court regarding what has been done as a consequence of contract or tenure.'"

In *Andrew* v. *Babcock*, 63 Conn. 109, 26 Atl. 715, the parol agreement was for the sale of land, and on page 120 we said: "The principle is undoubted; the only question relates to the acts which constitute sufficient

part performance.   Generally they must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or knowledge of the other party, and must be such acts as alter the relations of the parties. . . .   Whether delivery or taking possession of the land is alone sufficient has been variously decided.   This court held in *Eaton* v. *Whitaker, supra,* that it was, saying (page 229): 'The elementary books all lay down the proposition that delivery of possession is part performance.' . . .   Some of the most recent cases, however, undoubtedly hold that possession alone is not sufficient.   But on examination we think most of the cases capable of being reconciled and made consistent on this principle, that while possession alone of land, . . . when delivered to a vendee or lessee with the consent of the vendor or lessor, or with such knowledge as would imply consent, and under such circumstances that it can naturally and reasonably be accounted for only by the supposition of some contract, instead of any other relation between the parties, thus clearly indicating the commencement of a new estate or interest in the land on the part of the possessor, is a sufficient act of part performance to take the case out of the statute, yet the mere physical fact of possession is not sufficient, when the possession is not a new fact, but the continuation of a former similar condition."

In *Grant* v. *Grant,* 63 Conn. 530, 539, 29 Atl. 15, we said: "The adjudications upon the subject of what constitutes sufficient part performance of an oral contract to take it out of the statute are almost numberless.   Though not in harmony, they appear to support one or the other of two rules; the stricter, requiring the acts of part performance to be referable to the con-

tract set up, and to no other one, and the more liberal
holding the acts sufficient if they are such as clearly
refer to some contract in relation to the subject-matter
in dispute, the terms of which may then be established
by parol. We have had occasion very recently to fully
examine the subject, and have adopted the latter and
more liberal rule. *Andrew* v. *Babcock,* 63 Conn. 109,
122 [26 Atl. 715]."

The order of proof above indicated must be followed;
that is, it must first appear that the possession is of
such a character as to be naturally and reasonably
accounted for in no other way than by the existence
of some contract in relation to the subject-matter in
dispute, before parol evidence of the terms of the con-
tract becomes admissible. For a fuller statement upon
this point see *Van Epps* v. *Redfield,* 69 Conn. 104, 110,
36 Atl. 1011. "This preliminary evidence generally
is that of conduct—conduct of the parties which points
unmistakably, as Pomeroy says, to an agreement which
cannot, 'in the ordinary course of human conduct, be
accounted for in any other manner than as having
been done in pursuance of a contract.' This doctrine
has been well recognized." *Verzier* v. *Convard,* 75
Conn. 1, 7, 52 Atl. 255.

Approaching the question of part performance in
this way, it appears from the finding that the defend-
ant was a stranger to the plaintiff and to the property
until the plaintiff offered the premises for sale through
a real-estate agent. Then the defendant took posses-
sion of the premises with the plaintiff's acquiescence
and with her family continued to occupy them as a
home for about two years without payment of rent and
without notice to quit possession. This conduct and
possession satisfies the preliminary proof required in
*Van Epps* v. *Redfield,* and *Verzier* v. *Convard, supra,*
for it "cannot be accounted for in any other manner

than as having been done in pursuance of a contract."
The terms of the contract may then be established by
parol in accordance with the cases cited. These terms
have already been recited in the statement of facts
taken from the finding. The finding also shows that
the delay in completing the sale was due solely to the
plaintiff's default in neglecting to have the attach-
ments on the premises released of record. Until that
was done the defendant was not bound to take title,
and in the meantime she was permitted to remain in
possession. All the subsequent negotiations for a
modification of the original agreement are explained
by this delay in completing it, and by the fact that the
delay continued so long that some modification of
the original agreement for the three year purchase-
money mortgage naturally suggested itself. It is
enough to say that these negotiations were fruitless,
and were finally terminated by the plaintiff's refusal
to sell and notice to the defendant to vacate the prem-
ises.

The contention that the defendant was allowed to
remain in possession pending negotiations for a sale,
is refuted by the finding which shows that the oral
agreement for a sale had been already made before
the defendant took possession. It was complete as to
terms except as to the time for taking title, and the law
supplies that deficiency by implying an agreement
to take title within a reasonable time. The finding
shows that the defendant was ready and willing to take
title within a few days after taking possession, and
as already stated the subsequent delay was due solely
to the plaintiff's continued default.

That the contract cannot now be performed on the
original terms of payment is also due solely to the
plaintiff's continued default. But the plaintiff will
not be injured if the defendant is now required to pay

the whole price in cash with interest from the date when the defendant took possession in June, 1918, until the date in June, 1920, when the plaintiff informed the defendant that she must vacate the premises, together with all actual and necessary disbursements for insurance, taxes, and expenses of maintenance, with interest to the last named date on each such disbursement. This the defendant has offered to do in the prayer for a conveyance annexed to her counterclaim. On these terms the defendant is entitled to judgment as prayed for in her counterclaim.

There is error, and the cause is remanded with directions to set aside the judgment for the plaintiff and to enter judgment for the defendant in accordance with the prayer of her counterclaim, upon the terms indicated in this opinion.

In this opinion the other judges concurred.