EDWARD J. BURNS ET AL. *vs.* TRACY GAREY ET UX.

First Judicial District, Hartford, May Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

The use of an uncompleted dwelling-house by the defendants for storage of their furniture constituted sufficient part performance to remove an oral agreement for its purchase from the statute of frauds, where the plaintiff, in granting permission for such use, made an express declaration that the defendants had bought the property, since it was conduct of such a nature that it could not reasonably be accounted for in any other manner than as having been done in pursuance of a contract.

It is not necessary that the written memorandum required by the statute of frauds, be in any particular form or even that it be comprised in a single document; and, in the present case, the fact that certain details of the contract were added to the memorandum at the plaintiff's suggestion below his signature, which had already been affixed to the main portion of the contract, did not affect their validity, where the signature was intended to relate to the whole instrument.

Specific performance of a contract to convey real estate will not be decreed, unless it fulfils the formal requirements of the law, and is fair, equitable, certain, mutual, consistent with policy, founded on good consideration, and can be enforced without causing hardship.

In the present case, the defendants took possession of an unfinished dwelling-house under a contract of purchase, which provided that the building should be completed by the plaintiff. *Held* that, after the plaintiff had repeatedly refused to do the work, and had threatened to repudiate the entire contract, the defendants were justified in completing the house in accordance with the contract and at reasonable expense, which they could recover from the plaintiff.

Argued May 6th—decided July 28th, 1924.

ACTION in the nature of ejectment, brought to and tried by the Superior Court in Litchfield County, *Wolfe, J.;* facts found and judgment rendered requiring the plaintiffs, upon payment to them of $2,779.91, to execute and deliver to the defendant Tracy Garey a warranty deed of the premises, from which judgment the plaintiffs appealed. *No error.*

*Frank B. Munn* and *Howard F. Landon,* for the appellants (plaintiffs).

*Samuel A. Herman,* for the appellees (defendants).

ELLS, J. The plaintiffs, on August 30th, 1919, agreed to sell certain land, upon which was an uncompleted dwelling-house, to the defendant Tracy Garey for $5,500, and gave a written memorandum acknowledging the receipt of $150 down, stipulating that the

deeds were to pass not later than October 15th, 1919, and that a further sum of $850 was to be paid at the time of occupancy, and stating very briefly certain details as to the manner in which the house was to be completed by the plaintiffs. There was some discussion as to specifications, and the plaintiff William A. Burns requested the defendant Marguerite Garey to write upon said paper the various details of the work yet to be done upon said house, and she then and there, at his direction, wrote them down, below the signature to the agreement above referred to.

During the preceding month, the defendants had moved their furniture from the town where they had formerly resided, to Torrington, and had stored it in a warehouse, and then had left Torrington, returning September 7th and going to board, preparatory to the beginning by the defendant Tracy Garey of his duties as a public school supervisor. On October 3d, the defendants cut off and recorded the portion of the memorandum of agreement down to and including the signature, in the Torrington land records. The plaintiffs did not finish the house so that the deeds could pass not later than October 15th. On October 30th, the defendant Marguerite Garey stated to one of the plaintiffs that the period for which their furniture had been stored, and the term of the insurance thereon, had expired and desired to know what she could do about the furniture. This plaintiff thereupon stated that Mrs. Garey's husband had purchased the place in question and that he, the plaintiff, could not see any reason why she should not move the things into the house. On the following day, the defendants moved their furniture into the house, which was still in an uncompleted state, but did not themselves move in. The defendants, by permission of the plaintiffs, were and had been in possession of a key to the house.

On November 7th, the plaintiffs not having expedited the work on the house, and the contractors not having for several days done any work thereon, the defendants caused their attorney to write a letter to the plaintiffs, requesting that the work proceed, and stating that unless the plaintiffs put men on the job again before November 10th, and completed it without delay, he would advise the defendants to complete the work and charge it to the plaintiffs. On or about November 11th, the contractor came to the house for the purpose of putting the front door in place. The plaintiffs had allowed Mrs. Garey to select a lock, and she handed it to the contractor together with all the keys except one, which she retained. The contractor thereupon replied that he had been instructed to secure all of the keys, and upon her refusal to give up the one she had retained, he left the premises and never returned thereto, or did any further work thereon. The defendants on several occasions thereafter, requested the plaintiffs to proceed with the work, but the plaintiffs took no steps in the matter. On November 22d, the plaintiffs caused their counsel to write to the defendants' counsel to the effect that they expected to complete the house in accordance with the contract "if your client does not interfere," stating that the placing of the furniture in the house had hindered the work, and ordering its removal, and forbidding defendants to employ any men to do anything on the premises upon peril of expulsion, and stating that when the furniture had been removed, the work would go on expeditiously. The letter closed with a paragraph stating that, as the minds of the parties did not seem to have met, and as the defendants had made no attempt to carry out the agreement, the plaintiffs were ready to return the money and give a receipt in full for all trouble and expense made to the plaintiffs. Between November

11th and November 22d, one of the plaintiffs stated to Marguerite Garey that they had received a higher offer and, therefore, did not intend to convey the premises to the defendants.

The defendants did not remove the furniture, made further requests that the plaintiffs complete the house, tendered the sum of $850 described in the memorandum of agreement, and then proceeded to finish the work at a reasonable cost of $2,570.09. Some time after November 11th, the exact date not being fixed, the defendants moved into the house to reside therein, and have since continued to live therein. The trial court found that there was delivery of possession; that the defendants were justified in completing the house; that in so doing, they believed in good faith that they had absolute title to the land; that the plaintiffs, by permitting the defendants to go forward and complete the house without taking any steps to prevent it, and by standing idly by while such expenditures were being made, were estopped from claiming that the expenditures were unauthorized; that said expenditures were reasonable and necessary, and that the house was completed in substantial compliance with the agreement; and, therefore, that the premises should be conveyed to the defendant Tracy Garey, upon payment of the balance of the agreed price.

The equities of the matter are strongly with the defendants. They kept their agreement. The plaintiffs did not. The written memorandum sufficiently complies with the statute of frauds to enable the court to decree specific performance, if the facts so warrant. The defendants' conduct was equitable throughout.

The mere statement of the facts answers the plaintiffs' claim that they can retain the premises and the improvements made thereon upon a mere technical

showing that they have strict legal title and are kept out of possession. The real issue is whether the agreement of August 30th, 1919, is enforceable, and whether the facts of the case warrant its specific performance.

It was conceded by the plaintiffs' attorney, during the trial of the case, that the agreement between the parties sufficiently complied with the statute of frauds to enable the court to decree specific performance. In this we think he was correct. *Hodges* v. *Kowing*, 58 Conn. 12, 18 Atl. 979. One of the reasons of appeal, however, seems to raise this question. We think that even if it had been exclusively an oral agreement, the finding shows such a part performance of an oral agreement for the purchase and sale of the premises as will in equity take the case out of the statute of frauds. Under our law, the acts of part performance are sufficient, if they are such as to clearly refer to some contract in relation to the subject-matter in dispute, the terms of which may then be established by parol. "This preliminary evidence is generally that of conduct—conduct of the parties which points unmistakably, as Pomeroy says, to an agreement which cannot 'in the ordinary course of human conduct, be accounted for in any other manner than as having been done in pursuance of a contract.' This doctrine has been well recognized." *Bradley* v. *Loveday*, 98 Conn. 315, 320, 119 Atl. 147; *Verzier* v. *Convard*, 75 Conn. 1, 7, 52 Atl. 255. The defendants took possession, at least a species of possession, with the plaintiffs' consent, and upon the plaintiffs' express declaration and admission that Tracy Garey had bought the property. The plaintiffs argued at great length that this possession did not amount to disseisin. This may be true. It did not need to. It was sufficient, together with the other conduct of the plaintiffs, to clearly satisfy the preliminary proof required by our rule.

It is idle to claim that one of the plaintiffs did not consent to the placing of the furniture in view of the finding that he did. It is equally futile to claim that the moving in of all the defendants' furniture with the acquiescence and consent of the plaintiffs has no significance. This was not a storehouse. As one of the plaintiffs in effect well said, "You have bought the house; why shouldn't you move your furniture into it?"

The claim that this was a mere license and therefore the possession of the defendants was that of the owner, within the principle announced in *Hartford* v. *Hartford,* 49 Conn. 554, 561, ignores the significant fact that the plaintiffs' permission was accompanied by a definite recognition of the defendants' ownership of these premises.

A principal reason of appeal is that the court erred in admitting that part of the written agreement contained below the signature, and in predicating certain conclusions thereon. The finding discloses that, at the same time the other memorandum was executed, the plaintiff William A. Burns requested the defendant Marguerite Garey to write upon the same piece of paper the various details of the work yet to be done, and that this defendant then and there, and in the presence of this plaintiff, wrote all the words to be found thereon except the words that appear above the plaintiff's signature. That these words were written below the signature and slightly subsequent thereto, is of no moment. It was the agreement of the parties, made at the same time, on the same paper, in the presence of and by the express direction and supervision of the person who had just signed the document.

The written memorandum required by the statute of frauds does not even need to be comprised in a single document, nor is it necessary that it should be drawn up in any particular form. *Devine* v. *Warner,*

76 Conn. 229, 333, 56 Atl. 562. If the instrument had
been written partly by the plaintiff and partly by the
defendant, and then the plaintiff had signed it in any
part thereof after the body of it was written in, it must
be taken to be the instrument of the party so signing.
*Kilday* v. *Schancupp*, 91 Conn. 29, 33, 98 Atl. 335.
In the present case, the plaintiff drew up and signed a
portion of the agreement; then, as a part of the same
transaction, directed the defendant to write in further
details of the contract. If she had written them in
above his signature, there is no doubt but that it
would be a part of the memorandum. If there was no
room above, and she wrote it in below, would it change
the situation? We think not. When the parties
finished, there was a memorandum to which the plaintiff
had put his signature, intending that it should cover the
whole document. It was intended by the plaintiff as
his signature to the complete memorandum, and this
is a compliance with the statute of frauds. *Devine*
v. *Warner, supra.*

If, then, there was an agreement sufficiently comply-
ing with the statute of frauds, is it such an agreement
as should in this case be specifically enforced? The
contract must not only be made according to the re-
quirements of law, but must be fair, equitable, certain
and mutual, consistent with policy and made on good
consideration. *Patterson* v. *Bloomer,* 35 Conn. 57, 63.
The contract in question satisfies all of these require-
ments. Its specific performance works no hardship
on any of the parties.

The conclusion that the court properly decreed
specific performance of the contract disposes of many
of the plaintiffs' reasons of appeal. The various ex-
ceptions to the admission of certain testimony have
no merit.

The finding that the defendant Tracy Garey be-

lieved in good faith that he had absolute title to the premises, and the finding that the plaintiffs were estopped from claiming that the expenditures were unauthorized, were not essential to the result arrived at. We think it is true that the defendant Tracy Garey must have known that he did not have absolute title in the sense of strict legal record title. He had every reason to believe, however, that he had a good, equitable title. He had also recorded the written agreement on the land records.

The plaintiffs claim that the defendants, in view of the letter of November 22d, had no right to complete the house at the plaintiffs' expense. We agree with the trial court that the time had come when the defendants were clearly entitled to do so, provided they did it in accordance with the terms of the contract and at reasonable expense. The court has found these latter requirements to be facts, and we think the evidence abundantly justifies such a conclusion. The letter of November 22d precipitated a crisis. The plaintiffs had long been in complete default. The defendants had finally notified them that unless they put men on to proceed with the work, they, the defendants, would complete it themselves. One of the plaintiffs told one of the defendants that they had a higher offer and did not intend to convey the property to Tracy Garey. Then they wrote the letter of November 11th, denying they had given permission to place the furniture, saying in one paragraph that they would complete the contract under certain conditions, and in another, virtually saying that the bargain was off. The defendants, in possession under an enforceable agreement of sale, properly considered that the time had come when they could lawfully proceed to complete the contract themselves and charge the reasonable expense to the defaulting party.

The point that the defendants had an adequate remedy at law is not well taken.

Sixteen of the plaintiffs' reasons of appeal complain of the action of the trial court in refusing to add to and correct the finding. We have discussed the case on the basis of the finding as made, for we do not consider that those reasons of appeal have merit. Many of them are examples of the futile process of picking out a particular portion of the testimony upon a certain point and disregarding the remainder. At least two reasons of appeal complain of corrections which, if made, would have no possible bearing upon the conclusion arrived at. Such corrections will, of course, be refused. *Winestine* v. *Rose Cloak & Suit Co.*, 93 Conn. 633, 107 Atl. 500.

There is no error.

In this opinion the other judges concurred.