ANNA RIENZO *vs.* JACOB COHEN.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 29th—decided December 12th, 1930.

*Robert J. Woodruff,* with whom was *Louis Shafer,* for the appellant (plaintiff).

*David M. Reilly,* for the appellee (defendant).

HINMAN, J.  The complaint alleged that on or about November 1st, 1928, the defendant executed with the owners an agreement to purchase certain land in Milford and Orange, known as the Rienzo farm, and at the same time agreed to sell the same to the plaintiff upon certain terms and conditions specified in the complaint; that he thereafter purchased the premises but refuses to perform his agreement with the plaintiff. The answer admitted that the defendant did agree to purchase, and purchased, the real estate but denied all the other allegations.  Upon the trial it developed that the claimed agreement relied on by the plaintiff was in parol.  She introduced evidence of continued occupancy of the premises and acts and conduct in connection therewith which, she claimed, entitled her to prove the existence and terms of the alleged verbal agreement, but the court excluded evidence offered to that end.  Since proof of a contract between the parties, of the nature alleged, was essential to the plaintiff's case, these rulings were decisive of the result, and the numerous assignments of error pertain thereto, either directly or indirectly.

The plaintiff offered evidence to prove, and the court has found, that the husband of the plaintiff, Luca (also known as Joseph) Rienzo, was a son of Frank Rienzo who owned the premises in question until his death, four years before the trial, whereupon the real estate became the undivided property of Luca and his eight brothers and sisters.  Luca has lived upon the premises for more than thirty years, and his wife with him from their marriage, which was long prior to the defendant's purchase.  The defendant bought the real estate from Luca and his brothers and sisters, subject to certain incumbrances, and paid each $1000, receiv-

ing deeds from them at various dates between November 1st, 1928, and April 1st, 1929.

After the purchase, Luca with his wife and children remained in possession, and during the season of 1929 cultivated the farm, paying for fertilizer, seed and labor, produced and sold vegetables and other crops, receiving the benefits therefrom, and rented one piece of land and received the rent. The appellant is entitled to have added to the finding that during August, 1929, also, planting was done for certain crops which would mature the following spring. At various times after the defendant obtained title, Luca caused electric fixtures to be installed in the house, wires run and lights placed in and outside the barn to facilitate loading trucks at night, built concrete steps at the outside entrance to the cellar of the house, raised the sills of the cellar windows, and painted the kitchen. All of these things were done with the knowledge and consent of the defendant and without expense to him. So far as appears, the defendant asserted no right to possession of the premises until after the writ in this action was issued, in October, 1929.

The effect to be given to acts of part performance with respect to removal of an oral agreement from the application of the statute of frauds has been considered in this State repeatedly and recently. As between the two rules deducible from adjudications upon the subject of what constitutes such part performance as to take a contract out of the statute, we have adopted the more liberal—holding the acts sufficient if they are such as clearly refer to some contract in relation to the matter in dispute, the terms of which may then be established by parol—in preference to the stricter requirement prevailing in some jurisdictions, that the acts of part performance be referable to the contract set up in the complaint. *Harmonie Club, Inc.* v. *Smir-*

*now,* 106 Conn. 243, 247, 137 Atl. 769; *Bradley* v. *Love-day,* 98 Conn. 315, 319, 119 Atl. 174; *Verzier* v. *Convard,* 75 Conn. 1, 7, 52 Atl. 255; *Van Epps* v. *Redfield,* 69 Conn. 104, 110, 36 Atl. 1011; *Grant* v. *Grant,* 63 Conn. 530, 539, 29 Atl. 15; *Andrew* v. *Babcock,* 63 Conn. 109, 122, 26 Atl. 715; *Eaton* v. *Whitaker,* 18 Conn. 222.

The order of proof indicated by our rule and which must be followed is that before evidence of the terms of the verbal agreement becomes admissible, there must be shown facts of such a character as to be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject-matter. *Bradley* v. *Loveday, supra,* p. 320. This preliminary evidence generally is of acts of the parties which point unmistakably to an agreement and which cannot, in the ordinary course of human conduct, be accounted for in any other manner than as being in pursuance of a contract and which otherwise would not have been done. *Verzier* v. *Convard, supra,* p. 7; *Harmonie Club, Inc.* v. *Smirnow, supra,* p. 249; *Burns* v. *Garey,* 101 Conn. 323, 328, 125 Atl. 467.

The determinative question, here, is whether the facts shown disclose a course of conduct which can be accounted for, naturally and reasonably, only as being referable to some existing agreement relating to the real estate involved. We consider it having in view the caution suggested by the danger, recognized as inherent in the application of the doctrine of part performance and which the limitations upon it are designed to alleviate, of infringing upon the salutary general principles in order to reach or promote what is conceived to be an equitable result in a specific case. *Harmonie Club, Inc.* v. *Smirnow, supra,* p. 249.

In determining whether possession of real estate, continued after a change of ownership, expiration of

a lease thereof, or other similar alteration of conditions, is a mere holding over or is under a contract contemplating and authorizing continued possession, all the circumstances tending to characterize it are to be considered—including labor and expenditures, if any, in making improvements which the party in possession would not naturally have made except in reliance upon an agreement. *Black* v. *Hoopeston Gas & Electric Co.*, 250 Ill. 68, 95 N. E. 51. While the improvements here shown to have been made may not be of great magnitude or cost, yet they are not inconsiderable, in view of the circumstances of the Rienzos and, as well as the planting and production of crops and the general conduct of the farm, appear to be consistent only with an understanding and agreement inducing expectation that occupancy and enjoyment of the premises would be permanent or at least prolonged, rather than merely temporary and at the sufferance, and terminable at the will of the defendant. A binding contract between the defendant and the plaintiff for the sale of the property to her would confer an equitable interest or title. *McGregor* v. *Putney,* 75 N. H. 113, 71 Atl. 226; *Carthage Tissue Paper Mills* v. *Carthage,* 200 N. Y. 1, 9, 93 N. E. 60; 39 Cyc. 1302; 27 R. C. L. 464. The legal presumption is that the possession of real estate by husband and wife is the possession of the one in whom is the title; when the title is in the wife, the possession is presumed to be hers, although the husband exercises acts of control or management over the property, so long as he asserts no independent, exclusive possession in himself. *Clark* v. *Gilbert,* 39 Conn. 94, 96; 30 Corpus Juris, p. 579. The same principle is applicable to possession under a contract to purchase. *Templeton* v. *Twitty,* 88 Tenn. 595, 14 S. W. 435. The acts of the husband in the present case were such as naturally would be per-

formed or procured by him, under the circumstances, and were not inconsistent with the claimed rights of the plaintiff, his wife. On the whole, we regard the showing made as being such as to fairly justify reception of evidence as to whether such an agreement actually existed and, if so, its terms and provisions. We therefore find error in the rulings on evidence, and this conclusion entitles the plaintiff to a retrial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.