The complaint in substance alleges that the plaintiff and defendant, who are brothers, each owned and possessed an undivided half of the fee in certain realty and that the plaintiff conveyed his half to the defendant by warrantee deed without consideration, upon the defendant's oral agreement to hold it in trust for the plaintiff and reconvey it to him *Page 214 
upon demand without payment of any consideration, whereupon the defendant recorded the deed and has refused to reconvey upon demand although the plaintiff paid one-half the maintenance cost and remained in possession of the property with the defendant claiming ownership of an undivided half interest. The warrantee deed is attached as exhibit A and recites a valuable consideration, is under seal and is in the usual form.
The numerous grounds of demurrer may be condensed to the propositions that the complaint states no cause of action because it recites an outright conveyance to the defendant reserving no estate in the plaintiff and seeks to enforce an oral trust in land without stating facts giving rise to a resulting trust, a constructive trust, or justifying equitable relief under rules applicable to specific performance.
The plaintiff concedes the well-settled proposition that an express trust in real property conveyed by absolute deed reciting a valuable consideration cannot be proved by parol.Dean v. Dean, 6 Conn. 284.
The allegations of the complaint do not state facts giving rise to a resulting trust. Reynolds v. Reynolds, 121 Conn. 153, 156. Furthermore, the complaint is silent as to any "fraud, misrepresentation, imposition, circumvention, artifice or concealment, or abuse of confidential relations" necessary to give rise to a constructive trust. Verzier v. Convard, 75 Conn. 1, 4.
It would appear that the plaintiff, if he is to succeed, must do so through proof of part performance. Upon this phase of the case the complaint indicates that the plaintiff, at the time of the conveyance, was sharing the possession of the property with the defendant. After the conveyance, it is alleged, he "paid one-half of the maintenance costs and expenses of said property, and remained in possession of the first floor apartment of said property under a claim of ownership to an undivided one-half interest in the said property."
Acts of part performance sufficient to take the oral contract out of the Statute of Frauds must be of such a character as to be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the matter in dispute. Where continued possession of real estate after a change of ownership is relied upon, all the surrounding circumstances tending to characterize it must be considered, including expenditures which would not normally be made except in reliance *Page 215 
upon an agreement. Rienzo v. Cohen, 112 Conn. 427,430. If the plaintiff relied solely upon continued possession his case would be more open to attack. Hanney v. Clark, 124 Conn. 140. He alleges, however, not only a continued possession, but also the payment of "one-half of the maintenance costs and expenses of said property."
The nature of his proof under that allegation cannot now be known, and it may be such as to satisfy the established rule so that he would be entitled to proceed to proof of the parol agreement alleged. He should not be precluded by a ruling on demurrer.
 The demurrer is overruled.