## ABRAHAM RUTT *v.* JOHN L. ROCHE

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 5—decided March 25, 1952

*Harry Cooper*, with whom was *I. Albert Lehrer*, for the appellant (plaintiff).

*Simon J. Beizer*, with whom were *Kendall M. Pierce*

and, on the brief, *Morris G. Beizer,* for the appellee (defendant).

BALDWIN, J.  This is an action upon a contract whereby the plaintiff agreed to sell and the defendant to buy certain real estate in Hartford.  The complaint sets forth an agreement partly written and partly oral and alleges part performance by the plaintiff.  The defendant demurred on the ground that the agreement was within the Statute of Frauds and that the acts of part performance were not such as would take the contract out of the statute.  The trial court sustained the demurrer on both grounds and the plaintiff has appealed.

The plaintiff concedes that the memorandum of the agreement does not satisfy the requirements of the statute.  General Statutes § 8293.  He contends, however, that the written memorandum as supplemented by the oral understanding alleged to have been reached by the parties can be enforced because the acts of part performance pleaded take it out of the statute.  The alleged acts upon which he relies may be briefly stated as follows: The defendant applied to the Connecticut General Life Insurance Company for a loan to be secured by a first mortgage on the premises in the amount of $35,000.  The company agreed to make the loan and mortgage.  The plaintiff and defendant orally came to an understanding that the mortgage would be placed in the plaintiff's name and that the defendant would assume it upon the transfer of the property.  Both the plaintiff and the defendant attended and engaged in several conferences with officers of the company and instructed them to proceed with the preparation of the necessary papers, all at the expense of the plaintiff.  Accordingly, the title was searched and a note and mortgage deed were prepared.  The

plaintiff, pursuant to his agreement with the defendant, allowed a store in the premises to remain vacant so that it might be available for occupancy by the defendant before title actually passed. The plaintiff upon the defendant's direction gave notice to the tenant occupying another portion of the premises to vacate. The plaintiff has lost the rental from the store. He has been subjected to three lawsuits for commissions in connection with the sale and has been required to pay attorneys' fees. In anticipation of the receipt of the purchase money the plaintiff made certain commitments. The failure of the defendant to keep his agreement has made it necessary for the plaintiff to secure a loan to meet these commitments and thereby to incur the payment of interest and other expenses.

Claim is made by the plaintiff that the defense of the Statute of Frauds cannot be raised by demurrer. A demurrer is the proper remedy before trial by which to determine whether the allegations of the complaint state a good cause of action in law or equity. Practice Book, 1951, § 96; *Zamatha* v. *Harak*, 134 Conn. 480, 483, 58 A. 2d 704. If the demurrer is correctly sustained, the time, the effort, and the expense of a useless trial are saved. When the memorandum of an agreement required by the Statute of Frauds to be in writing is set forth in the complaint, its sufficiency may be tested by demurrer. *Utley* v. *Nolan*, 134 Conn. 376, 377, 58 A. 2d 9. The defense of the statute may likewise be raised upon demurrer "when it appears from the pleadings that it will be impossible for a party alleging an agreement required by the statute to be in writing to offer any competent evidence of the existence of the necessary memorandum." *DiBlasi* v. *DiBlasi*, 114 Conn. 539, 542, 159 A. 477; *Jacobson* v. *Hendricks*, 83 Conn. 120, 124, 75 A. 85. Used to test the sufficiency of a complaint which alleges acts of part performance

to take an agreement for the sale of lands out of the Statute of Frauds, a demurrer avoids a useless trial in a proper case, although no Connecticut case in point has been cited or found. *Dicken* v. *McKinley,* 163 Ill. 318, 327, 45 N. E. 134; see *Hollstrom* v. *Mullen,* 84 Cal. App. 1, 4, 257 P. 545; *Box* v. *Stanford,* 21 Miss. 93, 95; *Campbell* v. *Kewanee Finance Co.,* 133 Neb. 887, 889, 277 N. W. 593; 37 C. J. S. 789, 795, n. 37; 49 Am. Jur. 919, 925; note, 49 L. R. A. (N. S.) 1, 7. We hold that the sufficiency of the complaint may properly be tested by demurrer.

"The doctrine of part performance arose from the necessity of preventing the statute against frauds from becoming an engine of fraud." *Harmonie Club, Inc.* v. *Smirnow,* 106 Conn. 243, 249, 137 A. 769. We have consistently held that the acts of part performance generally "must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or knowledge of the other party, and be such acts as alter the relations of the parties." *Andrew* v. *Babcock,* 63 Conn. 109, 120, 26 A. 715. The acts also must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute. *Van Epps* v. *Redfield,* 69 Conn. 104, 110, 36 A. 1011; *Bradley* v. *Loveday,* 98 Conn. 315, 320, 119 A. 147; *Harmonie Club, Inc.* v. *Smirnow,* supra, 247; *Rienzo* v. *Cohen,* 112 Conn. 427, 430, 152 A. 394; 2 Corbin, Contracts, § 425; Pomeroy, Specific Performance (3d Ed.) p. 262; see note, 101 A. L. R. 923, 960. The question is whether under the allegations of his complaint the plaintiff can offer proof that will bring his case within the rule stated. In seeking the answer to this question, the allegations must be

tested by the facts provable under them. *Bassett* v. *Foster*, 116 Conn. 29, 31, 163 A. 456. If those facts would support the cause of action relied upon, the demurrer must of necessity fail. *Blakeslee* v. *Water Commissioners*, 106 Conn. 642, 649, 139 A. 106; *Mills* v. *Roto Co.*, 104 Conn. 645, 647, 133 A. 913; *O'Donnell* v. *Sargent & Co.*, 69 Conn. 476, 483, 38 A. 216. In considering the allegations, we must give to them the same favorable construction that a trier might deem itself required to give in admitting evidence under them to prove a cause of action. *Wildman* v. *Wildman*, 72 Conn. 262, 270, 44 A. 224.

Some of the allegations, though by no means all of them, are sufficient to enable the plaintiff, in a trial upon the merits, to produce evidence of acts of part performance, done with the knowledge of the defendant, which could be explained in no other way than that they were brought about by reason of a contract. If such evidence was produced, the first test of the rule would be met. The second test is whether the acts of performance have so altered the positions of the parties that it would be unconscionable, and so inequitable, for the defendant to interpose the defense of the Statute of Frauds against a claim for specific performance. The plaintiff alleges acts done pursuant to the contract and in reliance thereon which he claims have substantially altered his position. For example, he alleges that, in preparing the premises for the occupancy of the defendant, he allowed one store to remain vacant and gave notice to another tenant to vacate. We have no way of knowing how great the plaintiff's loss may be by reason of these actions, which were taken with the knowledge and consent of the defendant and for the defendant's benefit. We cannot say, at this stage of the proceedings, that the plaintiff will not be able to produce evidence to show substantial performance on

his part and the infliction of material damage upon him which would entitle him to the equitable relief he seeks. See *Progressive Welfare Assn., Inc.* v. *Morduchay*, 124 Conn. 485, 490, 200 A. 813; *Judd* v. *Mutual Bank & Trust Co.*, 114 Conn. 553, 559, 159 A. 487; *Middletown Trust Co.* v. *Middletown National Bank*, 110 Conn. 13, 21, 147 A. 22.

The demurrer should have been overruled. Because of our view of the case, it is unnecessary to discuss the other claim of error.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.