[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have agreed on the record that this court may consider on the transcripts of testimony taken before the Probate Commissioner the issue de novo whether the plaintiff has established her claims against the decedent's estate.
The plaintiff Caroline Goodman (Goodman) is here claiming specific performance of an agreement to transfer real property on Schoolhouse Road in Roxbury, consisting of a house on 10 acres, the subject property.
After reviewing the submitted transcripts and considering the parties briefs and arguments, the court will find the following facts.
The court finds that in December, 1980, the plaintiff Caroline Goodman (Goodman) while living in Oklahoma learned that her husband Irving had anyotrophic lateral schlerosis, a progressive, debilitating, and one to five years, fatal disease. The plaintiff informed her mother, the decedent Helen Meyer, (Meyer) of this condition and in February, 1981 discussed moving to her mother's home in Connecticut after selling her home in Oklahoma. At that time Goodman asked Meyer to turn over title to the house on Schoolhouse Road in Roxbury to her on the condition that Goodman pay one half its value to her sister Jane Savoy (Savoy). Under the terms of Meyer's will at that time, Goodman and Savoy were to jointly and equally share in Meyer's estate. Meyer would retain life use of the home and Goodman would care for Meyer, then eighty years old, at the home if it was required, Because of Irving Goodman's medical condition, Goodman would make the garage at Meyer's home into a handicapped person's bedroom and bathroom. This would be done at Goodman's expense when she moved in with the family. Meyer stated she was delighted with this arrangement.
Thereafter, Goodman sold her house in Oklahoma at a reduced price and came to Connecticut with her husband and daughter in late July, 1981. She moved in with her mother and began the renovation work. Walls between the living area and the garage were broken down, a bathroom was partially installed in the garage area with a walk-in, closed-in shower for Mr. Goodman. Roofing, electrical and television work done, the front garage doors were removed, and a hole was cut in the far wall. Bills for this work and materials amounting to approximately $10,000 were paid by Goodman. While this work was going on, the decedent did not convey the property. In late September, a loud and physical argument occurred between Goodman and Meyer over Goodman's daughter going into Meyer's room. Meyer then stopped the garage work and ordered Goodman out of the house. The result was that Goodman, with $120.00 remaining from the sale of her home and with a sick and dying husband, was forced to seek shelter from other relatives CT Page 3866 in Albany, New York. In January, 1985, after suffering a series of heart attacks, Irving Goodman died.
After Goodman left the house, Meyer changed her will, disinherited Goodman and never spoke to Goodman again. In an effort to avoid causing Meyer to change her earlier will which left half her estate to Goodman, the plaintiff took no action with respect to her claims until after her mother's death in 1986. It was then that she learned for the first time that she would take nothing.
The son of Janet Savoy, Roger Savoy, with his father did most of the carpentry work on the garage and was present when the Goodmans discussed moving to Connecticut. He understood that Goodman was interested in having title to the house conveyed to her. Roger Savoy stated that one of the terms of such an agreement was that Janet Savoy would then receive the value of half the property when Mr. Goodman died. This money would come from his life insurance.
The court finds that the plaintiff has clearly and satisfactorily proven the existence of an enforceable contract to convey the property to her with the condition that one-half the value of it be paid to the plaintiff's sister. Although there was no written contract as required by Section 52-550 of the General Statutes, the plaintiff's leaving her home in Oklahoma with a sick husband, selling her house and putting the proceeds into a renovation of the decedent's home constitutes performance which avoids the statute of frauds requiring a writing. See Breen v. Phelps, 186 Conn. 86. The act of pulling up stakes in Oklahoma as Goodman did and investing whatever she realized in the improvements to her mother's house does clearly indicate a belief the property would be Goodmans. In light of the testimony that one half the estate would be hers after Meyer's death, this agreement would be natural, understandable and would alone explain Goodman's actions. See Harmonie Club v. Smirnow, 106 Conn. 243, 249. Meyer's refusal after Goodman placed herself in such a situation to allow completion of these renovations, to transfer title to Goodman and her action in ejecting Goodman from the house breached the agreement, Her actions in so doing were unreasonable under all the circumstances.
The defendant has raised the defense of statute of limitations. It might be said that the contract was fully executed by Goodman when she sold her house in Oklahoma and moved her into her mother's house. The statute of limitations, Section 52-576 of the General Statutes, would be six years and Goodman's claim was presented within that time. Tierney v. American Urban Corporation, 170 Conn. 243.
The defendant has argued that Goodman failed to complete the renovations in the house and therefore did not complete her performance. The fact is inescapable, however, that the renovations were for Goodman's needs caused by her husband's illness, The benefit realized by Meyer in exchange for her promise to convey the property was Goodman's CT Page 3867 physical presence and availability to Meyer in Connecticut. The court would find the handicapped facilities incidental to the agreement. Hence, the noncompletion, occasioned by Meyer's change of position is no bar to finding that Goodman had fulfilled her part of the agreement.
Here also Goodman is seeking equitable relief in the form of specific performance. In such circumstances the statute of limitations does not bar this action. Dunham v. Dunham, 204 Conn. 303, 326,
Accordingly, this court will direct that the executor of Meyer's estate convey title to Goodman to the subject property upon Goodman's payment to Janet Savoy of one-half the value of the subject property.
McDONALD, J.