[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a contract action in which the plaintiff (hereinafter sometimes "Katherine") seeks to recover from the defendant (hereinafter sometimes "James") a portion of the rent paid by her for premises leased by both of the parties, as well as costs and attorneys' fees.
The plaintiff alleges that she and the defendant entered into a written lease with Fairway Apartments for the use and occupancy of premises located in New Britain, Connecticut. The term of the lease was for thirteen months and six days, beginning April 25, 1998, ending May 31, 1999. The plaintiff and the defendant agreed to pay Fairway Apartments a monthly rental of $565.00. Those allegations are admitted.
The plaintiff further alleges that on or about April 18, 1998, she and James entered into an oral agreement whereby she would pay Fairway Apartments the monthly rental and he would pay her $287.50 per month — one half of each month's rent — for the duration of the lease. She also alleges that she and the defendant entered into possession of the premises in April and that he paid her one half of the rent due for April 1998, and May 1998. Those allegations are denied by the defendant.
I find the following: Katherine met James, a truck driver, by means of CB radio. At the time, she was living with her family in New Haven and working in Cheshire; James, who is married and has eight children, was working in Windsor and living in East Hampton. Six months to a year after they met, Katherine and James decided to lease an apartment in New Britain because it was located between their workplaces. The lease was signed on April 18, 1998, and commenced on April 25, 1998. Katherine paid the rent by check. It is not clear if James actually resided at the leased premises or just visited, but he did leave his clothes there and he registered his truck with the management so he could park there and not get towed. He gave Katherine money during the first two months of the lease; he has not paid her anything since June, 1998. James has not occupied the premises since June, 1998. Katherine tried but could not get out of the lease. She continued to live in the leased premises through the term and stayed current with her rent. She stayed because she did not want to blemish her credit. CT Page 14395
The plaintiff is seeking to enforce an alleged oral agreement of the defendant to pay to her one half the rent or $287.50 for each month of a lease whose term is thirteen months and six days. Such a promise to pay, on its face, falls within the statute of frauds. General Statutes § 52-550.[1] The defense that an oral agreement is unenforceable under the statute of frauds is available to a defendant under a general denial. Practice Book § 10-50[2]; E. Paul Kovacs Co. v. Blumgarten,150 Conn. 8, 11 (1962).
The plaintiff does not dispute the applicability of the statute of frauds. Rather, she seems to argue that payments by James made to her during the first two months of the lease take their oral agreement out of the statute of frauds under the doctrine of part performance.
 "The doctrine of part performance arose from the necessity of preventing the statute against frauds from becoming an engine of fraud." Harmonie Club, Inc. v. Smirnow, 106 Conn. 243, 249, 137 A. 769. We have consistently held that the acts of part performance generally "must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or knowledge of the other party, and be such acts as alter the relations of the parties." Andrew v. Babcock, 63 Conn. 109, 120, 26 A. 715. The acts also must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute. Van Epps v. Redfield, 69 Conn. 104, 110, 36 A. 1011; Bradley v. Loveday, 98 Conn. 315, 320, 119 A. 147; Harmonie Club, Inc. v. Smirnow, supra, 247; Rienzo v. Cohen, 112 Conn. 427, 430, 152 A. 394; 2 Corbin, Contracts, 425; Pomeroy, Specific Performance (3d Ed.) p. 262; see note, 101 A.L.R. 923, 960.
Rutt V. Roche, 138 Conn. 605, 608 (1952)
The acts upon which the plaintiff must rely are her own acts or those of her authorized agent. Hanney v. Clark, 124 Conn. 140
(1938); Tarantul v. Spolane, 16 Conn. Sup. 245, 245 (1949). If the plaintiff's argument is construed as a claim that it is her
CT Page 14396 payment of the rent while in possession of the premises which invokes the doctrine of part performance, she is then required to prove
 acts of part performance, done with the knowledge of the defendant, which could be explained in no other way than that they were brought about by reason of a contract. If such evidence [is] produced, the first test of the rule would be met. The second test is whether the acts of performance have so altered the positions of the parties that it would be unconscionable, and so inequitable, for the defendant to interpose the defense of the Statute of Frauds against a claim for specific performance.
Rutt v. Roche, supra, 609.
Katherine's payment of rent was not of such a nature that it could be explained in no other way than that it was brought about by reason of a contract between the parties. Katherine's payment of rent during her continued occupancy of the apartment does not clearly indicate that James agreed to pay rent to her after their relationship ended and while she remained in possession.[3]
There was no evidence that her payment of rent and her remaining in possession were taken with the knowledge and consent of the defendant and for the defendant's enrichment and benefit. Nor has she shown the infliction of material damage to her which would entitle her to equitable relief. Compare Rutt v. Roche, supra. Part performance to avoid the statute of frauds has not been established.
Judgment may enter in favor of the defendant.
Tanzer, J.